LAW OFFICES OF JEFFREY N. GERMAN
BY: JEFFREY N. GERMAN, ESQUIRE
513 South Lenola Road
Blason IV - Suite 204
Moorestown, NJ 08057
(856) 727-9915
Attorney for IP Address No.: 98.221.248.198

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | | |
|---|---|---|
| BASEPROTECT USA, INC. | : | ECF NO. 13 |
| Plaintiff, | : | |
| | : | Civ. Action No.: 2:11-cv-7292 |
| v. | : | (SDW)(MCA) |
| | : | |
| SWARM # C32E92D7264FFCA072C0BFAC77C5AD7F7584036, a joint enterprise and JOHN DOES 1-X, such persons being presently unknown participants and members of the joint enterprise, | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW OF JOHN DOE WKNDC32E9-44 (IP ADDRESS NO. 98.221.248.198) IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO COMCAST COMMUNICATIONS, INC., AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR A PRELIMINARY INJUNCTION**

I.   **LEGAL ARGUMENT**

   A.   **Contrary to Plaintiff's Assertion, JD-44 Has In Fact Denied That It Did Not Download Or Distribute the Movie, *Weekend*.**

In its memorandum of law, plaintiffs made the claim that JD-44 had not specifically denied in the Motion to Quash that it had distributed the movie, *Weekend*. The moving papers did in fact contain such a denial, but plaintiff was correct that the motion did not include an affidavit to that effect. Accordingly, in order to remove any doubt as to the issue, attached to this

Reply Memorandum is the sworn Affidavit of JD-44, the person associated with IP Address No. 98.221.248.198.[1] In the Affidavit, JD-44 stated unequivocally:

> 6. I did not download any movie entitled *Weekend* and in fact I never heard of such a movie until advised by counsel that it has been alleged that I had obtained a "pirated" copy of this movie. I have never seen the movie entitled *Weekend*.
>
> 7. I have never used any "Peer-to-Peer" network nor have I ever used any Bit Torrent technology at any time. Until this litigation was instituted, I had never even heard of "P2P" networks or Bit Torrent technology and I have never joined any "torrent" or participated in any "swarm."
>
> 8. I have never been involved with the alleged distribution of *Weekend* or any other movie on the internet or through any other means.
>
> 9. To the best of my knowledge, no member of my household ever unlawfully obtained a copy of *Weekend* or was involved in the alleged distribution of any such movie.
>
> 10. I never had, nor will I ever have, the intention of downloading, copying, distributing or watching the movie, *Weekend*, at any time.

(Affidavit of John Doe WKNDC32E9-44 (IP Address No. 98.221.248.198)("JD-44 Affidavit"), at ¶¶ 6 - 10). Plaintiffs have not, and cannot, come forward with any evidence to contradict the statements in JD-44's Affidavit.

> **B. Before Requiring The Disclosure Of The Identity Of JD-44, Plaintiff Should Be Required To Establish That JD-44, The Individual, As Opposed To Merely An Alleged IP Address, In Fact Distributed The Alleged Copyrighted Work.**

As stated emphatically, JD-44 did not download or distribute any alleged movie and, in

---

[1] The copy of the Affidavit filed via ECF has the name and address of the affiant redacted. Counsel is in possession of the original, signed copy which is available for *in camera* inspection by the Court, if required.

fact, had never even heard of *Weekend* until advised by counsel that such film was the subject of the lawsuit. JD-44 has never seen the movie and, as stated in the Affidavit, has never participated in any "swarm" or torrent technology. In its memorandum of law, plaintiffs rely upon the Declaration of David Farris to claim that "The Movant is a pseudonymous, not anonymous, and the ISPs can readily identify him or her. By entering into a service agreement, the Movant knowingly and volunteered personal information to the ISP." (Farris Decl. ¶ 10). (Plaintiff's Memorandum at p.12). Nothing could be further from the truth.

First, it should be noted that the Declaration of David Ferris ("Ferris") was not directed at JD-44, but at another movant which may or may have actually committed some infringement. In addition, Ferris' statements are inaccurate as they assume that the person who opened the internet provider account with Comcast, is the only possible user of the IP Address associated with the account. This, quite obviously, is not so as a number of courts have recognized and Ferris' claim is the major fallacy of the plaintiff's argument. *See, e.g., In Re: Bittorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 (E.D. N.Y. May 1, 2012) ("...the assumption that the person who pays for internet access at a given location is the same individual who allegedly downloaded a single...film is tenuous...An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones...Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function - here the purported illegal downloading of a single [movie] - than to say that an individual who pays the telephone bill made a specific telephone call").

The factual reality recognized in *Bittorrent* is the problem with the plaintiff's alleged

claim against JD-44. The identification of an IP subscriber such as JD-44 does not necessarily identify a copyright infringer; and nothing in the Ferris Declaration proves to the contrary. The truth that plaintiffs are trying desperately to obscure in its pleading, is that in any particular instance, the alleged infringer might have been a neighbor, a visitor with a laptop computer, a person parked on the street outside the subscriber's home or office, or a nearby person with a "smartphone." If Comcast is compelled to provide the information sought in the subpoena seeking information about JD-44, the risk of the false identification of the alleged copyright infringer is significant, because plaintiff cannot show, if in fact an infringement occurred, who committed it. Accordingly, before Comcast is required to produce JD-44's identity, plaintiff must be required to show, beyond the more identification of an IP Address, the *person* who committed the alleged copyright infringement and that such person was JD-44.[2] This is the *only* way to allow plaintiff to seek to enforce its alleged right and at the same time protect the privacy of JD-44 and avoid undue burden to the persons plaintiff seeks to join.

    C.    **To Allow Disclosure Of The Identity Of JD-44 Would Create A Substantial And Unjust Burden.**

A telling statement in plaintiff's memorandum of law is made at page 12, where plaintiff states: "The Movant fails to assert an undue burden beyond being named as a Defendant in this suit." This statement not only erroneous, it also demonstrates plaintiff's true motive behind the attempt to join persons to their case with nothing more than the supposed identification based on

---

[2] To do otherwise would absolve a plaintiff from its burden of proving liability, and a defendant would be placed in the position of proving that he or she did not commit the infringement. By analogy, a plaintiff cannot prove the liability in an automobile case by simply proving that a particular vehicle involved in an accident was owned by a particular person. The plaintiff must prove that a person actually *driving* the vehicle was negligent. Under plaintiff's theory, every person in the United States who owns an IP Address is a potential defendant in a copyright infringement case whether or not they actually used the internet.

an IP Address.

First, it is ludicrous for plaintiff to suggest that being joined in protracted and expensive litigation is not a substantial burden. JD-44 has already been forced to spend considerable sums of money already and, if joined as a defendant, will undoubtedly to spend thousands of dollars more to defend the claim that they downloaded and distributed a movie it never even heard of. Or, is plaintiff hoping that faced with the potential of expensive litigation, the innocent defendants will simply capitulate and offer a sum to be released? As the Court noted in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist LEXIS 103550 (September 13, 2011), quoting Judge Zimmerman's comment that: "[T]he reality of the end game in many of these [mass copyright] cases - quick settlements just below the cost of defense." *Boy Racer*, at 6 (quoting *On The Cheap, LLC v. Does*, 2011 U.S. LEXIS 99831, at 3 (N.D. Cal. Sept. 6, 2011). With this end game in mind, Baseprotect does not have to be concerned with having to prove the liability of an individual defendant - only with achieving joinder. This Court should recognize this litigation scheme for what it is and refuse to allow plaintiffs to be enriched through imposing unjust burdens on innocent individuals.

In order to justify the imposition of such a significant burden on JD-44, plaintiffs state that JD-44 is a "..member of the Swarm..." as if it were true. As set forth in its Affidavit, JD-44 does not even know what a "Swarm" is in the context of this litigation. (JD-44 Affidavit, at ¶ 7). Before this burden is imposed, plaintiffs must be made to come forward with proof that JD-44 - *not* just an IP Address - was part of a "Swarm" and actually participated in a copyright infringement. Baseprotect cannot provide this proof.

Plaintiff's claim that JD-44 has no privacy right worthy of protection is equally specious.

(Plaintiff's memorandum of law at p.   ).  In its Affidavit, JD-44 states:

> I consider my name, address and other identifying information to be private and confidential and object to Comcast Communications, Inc. providing my information to plaintiff or any other entity.

(JD-44 Affdavit at ¶ 11). Contrary to plaintiff's bald assertion, JD-44 absolutely has a privacy right worthy of protection. When JD-44 made its agreement with Comcast for internet service, JD-44 agreed only to provide information to Comcast; it did not agree to have Comcast provide its identifying information to entities such as Baseprotect. Simply stated, JD-44's identifying information is personal, private, and should not be disclosed unless plaintiff can demonstrate a compelling and legitimate need. Where Baseprotect is unable to connect some alleged download or a movie to JD-44 - the individual - as opposed to an IP Address subject to use by unknown persons, JD-44's interest in its privacy right outweighs plaintiff's litigation scheme.

> D. **Baseprotect's Cross-Motion For A Preliminary Injunction Should Be Denied, Because Plaintiff Is Unable To Show That Injunctive Relief Can Or Should Be Granted Against JD-44 .**

JD-44 has not been served with plaintiff's complaint and therefore cannot be enjoined. This Honorable Court has no jurisdiction over JD-44 at this time to enter injunctive relief against this individual. The fact that Baseprotect may be able to establish subject matter jurisdiction is not sufficient to obtain in personam jurisdiction over JD-44. Accordingly, JD.-44 respectfully submits that injunctive relief cannot be granted against it.

In addition, Baseprotect cannot satisfy the substantive standard necessary for the issuance of temporary restraints. Plaintiff cites *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008) as setting forth the four factor test for the issuance of an injunction: (1) whether plaintiff likely will be irreparably harmed if the injunction does not issue; (2) whether the threatened injury to the

plaintiff outweighs the threatened harm the injunction may inflict on the defendant; (3) whether the plaintiff has at least a reasonable likelihood of success on the merits; and, (4) whether the granting of a preliminary injunction will disserve the public interest. *Winter*, at 20. In this case, plaintiff cannot satisfy the criteria in *Winter* and, therefore, is not entitled to equitable relief.

First, with regard to JD-44 plaintiff cannot show that it has suffered anything more than a theoretical injury from the alleged distribution of an obscure movie entitled *Weekend*. Plaintiff claims an "irreparable harm" in its memorandum at pages 17 and 18 of its memorandum, but is unable to articulate any actual harm. It is insufficient, as against JD-44, for Baseprotect to claim that there is the potential for further distribution of a work that it cannot prove was distributed by JD-44 in the first place. Similarly, Baseprotect cannot demonstrate the likelihood of success on the merits against JD-44. As stated, *supra*, plaintiff cannot now and never will be able to show that JD-44, the person behind the IP Address, in fact distributed anything and, until plaintiff can do so, it cannot claim that it has a reasonable likelihood of success on the merits of its case that would justify the imposition of extraordinary relief against JD-44. In contrast, the harm to JD-44 is substantial as the result of the imposed burden and the public interest is not served by permitting plaintiffs such a Baseprotect to engage in "fishing expeditions" for the purpose of bringing litigation against innocent parties. Accordingly, the injunctive relief sought should be denied.

## IV.   CONCLUSION

For all of the reasons stated and authorities cited, movant, JD-44, respectfully submits that its Motion to Quash Subpoena Issued to Comcast should be granted, and plaintiff's Cross-

Motion For Preliminary Injunction should be denied.

Respectfully Submitted,

**LAW OFFICES OF JEFFREY N. GERMAN**

BY: *[signature]*

JEFFREY N. GERMAN, ESQUIRE
Blason IV - Suite 204
513 S. Lenola Road
Moorestown, NJ 08057
(856) 727-9915

Attorney for John Doe WKNDC32E9-44
(IP Address No.: 98.221.248.198)